UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

---

RHONDA RENFROE, on behalf of herself and others similarly situated,

        Plaintiff,

vs.

CELTIC INSURANCE COMPANY D/B/A ARKANSAS HEALTH & WELLNESS INSURANCE COMPANY,

        Defendant.

Case No.: 5:24-cv-05123-TLB

Complaint -- Class Action

Jury Trial Demanded

---

**Nature of the Action**

1. Rhonda Renfroe ("Plaintiff") brings this class action against Celtic Insurance Company d/b/a Arkansas Health & Wellness Insurance Company ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A)    to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> \*\*\*\*\*
>
> (iii)    to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

3. Upon information and belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls

1

it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

4. More specifically, upon information and belief, Defendant routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places to wrong or reassigned cellular telephone numbers.

## Jurisdiction

5. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to this action occurred in this District.

7. Defendant directed artificial or prerecorded voice messages to Plaintiff's cellular telephone number in this District, and Plaintiff received those artificial or prerecorded voice messages in this District.

## Parties

8. Plaintiff is a natural person who at all relevant times resided in Siloam Springs, Arkansas.

9. Defendant is a "is a leading national health insurance company providing healthcare solutions to individuals, families and the self-employed."[1]

10. Ambetter from Arkansas Health & Wellness is underwritten by Defendant.[2]

---

[1]   https://www.celticinsurancecompany.com/about-celtic.html (last visited May 24, 2024).

[2]   https://ambetter.arhealthwellness.com/ (last visited May 24, 2024).

11. Defendant, through Ambetter from Arkansas Health & Wellness, offers healthcare plans through the Health Insurance Marketplace "to improve the health of its beneficiaries through focused, compassionate and coordinated care."[3]

### Factual Allegations

12. Plaintiff is, and has been, since approximately August 2023, the sole and customary user of her cellular telephone number—(XXX) XXX-4624.

13. Beginning in approximately August 2023, Defendant began placing calls and delivering, or causing to be delivered, artificial or prerecorded voice messages to telephone number (XXX) XXX-4624.

14. Defendant placed its telephone calls and left artificial or prerecorded voice messages to telephone number (XXX) XXX-4624 intending to reach "Randy Taggart."

15. For example, Defendant delivered, or caused to be delivered, at least three artificial or prerecorded voice messages to telephone number (XXX) XXX-4624, each of which stated:

> Hello. This is Ambetter from Arkansas Health & Wellness calling again for Randy Taggart. It looks like you've received care recently. We can help you save time and get more convenient care if you call us back. You can reach us anytime, 24 hours a day, seven days a week, toll-free, at 1-844-283-9758. Again, the number is 1-844-283-9758. Thank you and have a good day. Goodbye.

16. The tone and speech pattern of these voice messages, which Plaintiff received and listened to, are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

17. When dialed, telephone number (844) 283-9758 plays an automated greeting that begins: "Hello, thank you for calling Ambetter from Arkansas Health and Wellness . . . ."

---

[3] https://ambetter.arhealthwellness.com/about-us.html (last visited May 28, 2024)

3

18. Defendant also delivered, or caused to be delivered, at least two more artificial or prerecorded voice messages to telephone number (XXX) XXX-4624, each of which stated:

> Hello. This is Ambetter from Arkansas Health & Wellness calling for Randy Taggart. We have some important information to share. Please call us back, anytime, 24 hours a day, seven days a week, toll-free, at 1-844-283-9758. Again, the number is 1-844-283-9758. Thank you and have a good day. Goodbye.

19. The tone and speech pattern of these voice messages, which Plaintiff received and listened to, are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

20. Defendant also delivered, or caused to be delivered, at least two additional artificial or prerecorded voice messages to telephone number (XXX) XXX-4624, each of which stated:

> Hello. This is Ambetter from Arkansas Health & Wellness calling for Randy Taggart. We have some quick information to help you. So, please call us back, anytime, 24 hours a day, seven days a week, toll-free, at 1-844-283-9758. Again, the number is 1-844-283-9758. Thank you and have a good day. Goodbye.

21. The tone and speech pattern of these voice messages, which Plaintiff received and listened to, are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

22. Plaintiff is not Randy Taggart.

23. Plaintiff does not know Randy Taggart.

24. Soon after Defendant began calling her cellular telephone number, Plaintiff notified Defendant or its representative that Defendant was calling the wrong telephone number, and that she is not Randy Taggart.

25. Plaintiff notified Defendant of this fact by speaking with a representative of Defendant on multiple occasions.

26. On one occasion, Plaintiff answered one of Defendant's telephone calls, followed the prompts to speak with a representative, and explained to the representative that she is not Randy Taggart.

27. The representative agreed to remove Plaintiff's cellular telephone number from Defendant's calling list.

28. When Defendant's telephone calls nonetheless continued, Plaintiff placed a telephone call to Defendant or its representative to again request that it cease making calls to her cellular telephone number.

29. Defendant's telephone calls and artificial or prerecorded voice messages continued to telephone number (XXX) XXX-4624 despite Plaintiff's repeated efforts to have the calls and messages stopped.

30. Plaintiff does not have, and never had, an account with Defendant.

31. Plaintiff does not have, and never had, a health plan with Defendant.

32. Plaintiff did not provide telephone number (XXX) XXX-4624 to Defendant.

33. Plaintiff does not know whether Randy Taggart provided telephone number (XXX) XXX-4624 to Defendant.

34. Plaintiff did not provide Defendant with consent to place or cause to be placed calls to telephone number (XXX) XXX-4624 in connection with which Defendant used or caused to be used an artificial or prerecorded voice.

35. Defendant did not have Plaintiff's prior express consent to place or caused to be placed any calls to telephone number (XXX) XXX-4624 in connection with Randy Taggart's account or health plan.

36. Defendant placed or caused to be placed the subject calls to telephone number (XXX) XXX-4624 for non-emergency purposes, as indicated by the content of the messages.

37. None of Defendant's above-described artificial or prerecorded voice messages to telephone number (XXX) XXX-4624 were exigent in nature or otherwise required the recipient's immediate attention.

38. None of Defendant's above-described artificial or prerecorded voice messages to telephone number (XXX) XXX-4624 contained appointment or exam reminders or confirmations.

39. None of Defendant's above-described artificial or prerecorded voice messages to telephone number (XXX) XXX-4624 contained medical lab results.

40. None of Defendant's above-described artificial or prerecorded voice messages to telephone number (XXX) XXX-4624 contained hospital pre-registration or pre-operative instructions.

41. None of Defendant's above-described artificial or prerecorded voice messages to telephone number (XXX) XXX-4624 related to hospital post-discharge follow-ups or other matters intended to prevent readmission.

42. None of Defendant's above-described artificial or prerecorded voice messages to telephone number (XXX) XXX-4624 contained prescription notifications.

43. None of Defendant's above-described artificial or prerecorded voice messages to telephone number (XXX) XXX-4624 contained home healthcare instructions.

44. The majority of Defendant's above-described artificial or prerecorded voice messages to telephone number (XXX) XXX-4624 offered no healthcare treatment purpose.

45. Instead, the majority of Defendant's above-described artificial or prerecorded voice messages to telephone number (XXX) XXX-4624 simply requested a call back, at any time, 24 hours a day.

46. None of Defendant's above-described artificial or prerecorded voice messages to telephone number (XXX) XXX-4624 provided instructions for, or the means for, opting out of future artificial or prerecorded voice messages.

47. Defendant did not immediately honor Plaintiff's multiple requests for Defendant to cease calling telephone number (XXX) XXX-4624.

48. Defendant placed or caused to be placed the subject calls to telephone number (XXX) XXX-4624 voluntarily.

49. Defendant placed or caused to be placed the subject calls to telephone number (XXX) XXX-4624 under its own free will.

50. Defendant had knowledge it was using or causing to be used an artificial or prerecorded voice in connection with the subject calls it placed or caused to be placed to telephone number (XXX) XXX-4624.

51. Defendant's records will identify each call it placed or caused to be placed to telephone number (XXX) XXX-4624.

52. Defendant's records will identify each prerecorded voice message it played or delivered, or caused to be played or delivered, or attempted to play or deliver, or caused to be attempted to be played or delivered, to telephone number (XXX) XXX-4624.

53. Plaintiff suffered actual harm as a result Defendant's subject calls to telephone number (XXX) XXX-4624, in connection with which Defendant used or caused to be used an artificial or prerecorded voice message, in that Plaintiff suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

54. Plaintiff found Defendant's artificial or prerecorded voice messages to be irritating and invasive.

55. Upon information and belief, Defendant, as a matter of pattern and practice, uses or causes to be used an artificial or prerecorded voice in connection with calls it places or causes to be placed to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## Class Action Allegations

56. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Celtic Insurance Company d/b/a Arkansas Health & Wellness Insurance Company placed, or caused to be placed, a call, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a person who has or had an account or health plan with Celtic Insurance Company d/b/a Arkansas Health & Wellness Insurance Company, (3) in connection with which Celtic Insurance Company d/b/a Arkansas Health & Wellness Insurance Company used an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

57. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

58. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

59. The exact number of the members of the class is unknown to Plaintiff at this time and can be determined only through appropriate discovery.

60. The proposed class is ascertainable because it is defined by reference to objective criteria.

61. In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties, including class members.

62. Plaintiff's claims are typical of the claims of the members of the class.

63. As it did for all members of the class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

64. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

65. Plaintiff's claims are based on the same theories as the claims of the members of the class.

66. Plaintiff suffered the same injuries as the members of the class.

67. Plaintiff will fairly and adequately protect the interests of the members of the class.

68. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

69. Plaintiff will vigorously pursue the claims of the members of the class.

70. Plaintiff has retained counsel experienced and competent in class action litigation.

71. Plaintiff's counsel will vigorously pursue this matter.

72. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

73. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

74. Among the issues of law and fact common to the class are:

    a. Defendant's violations of the TCPA;

    b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

  c. Defendant's conduct, pattern, and practice as it pertains to placing calls in connection with which it used an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

  d. Defendant's use of an artificial or prerecorded voice; and

  e. The availability of statutory penalties.

75. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

76. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

77. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class and could substantially impair or impede their ability to protect their interests.

78. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

79. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

80. The damages suffered by individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

81. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

82. There will be little difficulty in the management of this action as a class action.

### Count I: Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

83. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 82.

84. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed, or caused to be placed, to Plaintiff's cellular telephone number, and to the cellular telephone numbers of the members of the class, without consent.

85. Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) in that it willfully and knowingly used an artificial or prerecorded voice in connection with calls it placed, or caused to be placed, to Plaintiff's cellular telephone number, and to the cellular telephone numbers of the members of the class, without consent, and by continuing to call Plaintiff even after it was on notice that Defendant was calling the wrong person.

86. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action;

(b) Designating Plaintiff as a representative of the class under Rule 23 of the Federal Rules of Civil Procedure;

(c) Designating Plaintiff's counsel as class counsel under Rule 23;

(d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

(e) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

   (f) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(b)(3);

   (g) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23;

   (h) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

   (i) Awarding such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: June 6, 2024     */s/ Michael L. Greenwald*
             Michael L. Greenwald
             James L. Davidson*
             GREENWALD DAVIDSON RADBIL PLLC
             5550 Glades Road, Suite 500
             Boca Raton, FL 33431
             (561) 826-5477
             mgreenwald@gdrlawfirm.com
             jdavidson@gdrlawfirm.com

             * To seek admission

             *Counsel for Plaintiff and the proposed class*